The Attorney General *vs.* Bay State Mining Company.

The tax of a certain percentage of the par of its capital stock, imposed by the St. of 1865, c. 283, § 8, on every company or association "having an office or place of business within this Commonwealth for the direction of its affairs or transfer of shares," and "incorporated elsewhere" "for the purpose of engaging without the limits of the Commonwealth in the business of coal mining or other mining, quarrying, or extracting carbonaceous oils from the earth, or for the purpose of purchasing, selling or holding mines or lands without the Commonwealth," is warranted by the Constitution of the Commonwealth, and is not in conflict with the Constitution of the United States; nor was said § 8 in any respect repealed or annulled by the St. of 1866, c. 291.

INFORMATION filed December 13, 1867, on the St. of 1865, c. 283, § 14, at the relation of the treasurer and receiver-general of the Commonwealth, seeking a decree for payment by the defendants, a corporation organized under the law of Michigan for the purpose of engaging in the business of mining copper in that state, of taxes in 1866 and 1867, under the St. of 1865, c. 283, § 8, the material part of which is printed in the margin ;* and for an injunction against further prosecution of business in the Commonwealth by the defendants, until the same should be paid with interest.

The information alleged the maintenance by the defendant corporation of an office or place of business, namely, the office of its treasurer, in Boston, for the direction of its affairs and transfer of shares; and the making of returns by its treasurer to

---

* "Every corporation chartered by this Commonwealth, or organized under the general laws, for the purpose of engaging, without the limits of the Commonwealth, in the business of coal mining or other mining, quarrying or extracting carbonaceous oils from the earth, or for the purpose of purchasing, selling, or holding mines or lands without the Commonwealth, and every such company or association, incorporated elsewhere, and having an office or place of business within the Commonwealth for the direction of its affairs cr transfer of shares, shall, semiannually, between the first and the tenth day of June and December, make a return, under the oath of its treasurer, or president, to the tax commissioner, of the whole amount of its capital stock, as fixed by the corporation, on the first day respectively of May and November next preceding, and pay to the treasurer of the Commonwealth a tax of one twentieth of one per cent. upon said capital stock at the par thereof."

the tax commissioner in June and December 1866, and June 1867, in conformity with the statute; that in truth and fact the par value of its capital stock as fixed on May 1 and November 1, 1866, and May 1, 1867, was as thus returned; and that "by reason thereof said corporation became liable and was bound to pay to the treasurer of the Commonwealth" the taxes alleged, being one twentieth of such par value at the three dates last named.

The answer substantially admitted the facts alleged in. the information; but denied "that said corporation owes the taxes mentioned in said information to said Commonwealth and interest thereon, or any part of said taxes and interest, or is or was liable and bound to pay to the treasurer of said Commonwealth said taxes;" alleged that the defendant corporation "is a foreign corporation owning real estate in the state of Michigan, and employing its capital stock in the working of a mine in said state, that said capital stock is owned in part by citizens of states other than the state of Massachusetts, that nearly all the contracts for labor at said company's mine and for materials purchased for use at said mine are entered into in Michigan, and drafts for the payment of the same, drawn by the agent of the company at the mine on the treasurer of the company residing in Boston, are delivered to and received by the laborers, and parties furnishing materials, as payment;" further denied "that said Commonwealth has the right or power, under the Constitution of the United States, or under the Constitution of said Commonwealth, to tax said corporation, said corporation being a foreign corporation and receiving all its corporate powers and privileges from the state of Michigan;" and finally alleged "that the provisions of said St. of 1865, *c.* 283, so far as it is pretended that the same are applicable to said defendants in requiring the payment of a tax to the treasurer of said Commonwealth are repealed by the provisions of the St. of 1866, *c.* 291."

The case was reserved by *Foster,* J., on the information and answer, for determination by the full court.

*C. Allen,* Attorney General, & *J. C. Davis,* for the Commonwealth, besides cases cited for the defendants and in the opin-

ion, cited *Tremont Bank* v. *Boston,* 1 Cush. 145; Angell & Ames on Corporations, § 486 *a*; *De Groot* v. *Van Duzer,* 20 Wend. 390; *Bank of Augusta* v. *Earle,* 13 Pet. 589; *Corfield* v. *Coryell,* 4 Wash. C. C. 380; *Blackstone Manufacturing Co.* v. *Blackstone,* 13 Gray, 488; *McCulloch* v. *Maryland,* 4 Wheat. 429; *Providence Bank* v. *Billings,* 4 Pet. 564; *Nathan* v. *Louisiana,* 8 How. 82; *Biddle* v. *Commonwealth,* 13 S. & R. 409; *Commonwealth* v. *Milton,* 12 B. Monr. 212; *Fire Department* v. *Noble,* 3 E. D. Smith, 440; *Fire Department* v. *Wright,* Ib. 453; *State* v. *Delaware, Lackawanna & Western Railroad Co.* 1 Vroom, 473.

*J. G. Jackson,* for the defendants. 1. The Commonwealth has no authority to tax the capital stock of a foreign corporation. The legislature has power to impose " proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident and estates lying within the Commonwealth;" and also to impose "reasonable duties and excises upon any produce, goods, wares, merchandise and commodities whatsoever, brought into, produced, manufactured or being within the same." Const. of Mass. part 2, *c.* 1, § 1, art. 4. But this gives no authority to impose taxes on property or persons not subject to their jurisdiction. The capital stock, as such, of the defendant corporation, is beyond its jurisdiction.

In *Portland Bank* v. *Apthorp,* 12 Mass. 252, and *Commonwealth* v. *Hamilton Manufacturing Co.* 12 Allen, 298, the defendants being domestic corporations, it was held that under the term "commodity" their charters were included, and that the legislature, which created and sold these commodities, might, as the price of the commodity, in the one case levy an excise or duty each year on the franchise of the bank, measured by the capital stock which it permitted the bank to hold, and in the other case measure the value of the commodity sold by the market value of the shares. But in the case at bar, though the legislature may compel the defendant corporation to pay a license for maintaining an office for the transaction of part of its business in Massachusetts, yet, having no control over the charter, it cannot levy a tax on the capital stock, all of which is

employed in another state.   Massachusetts does not grant the
defendants' franchise ; and so cannot tax it.   The principle,
that a state, in order to tax a corporation on its franchise, must
have granted the charter, or have the corporate property within
its limits, seems to be expressly recognized by the St. of 1864,
c. 208, §§ 6, 9, and by the very St. of 1865, c. 283, §§ 5, 7, relat-
ing to railroad and telegraph companies extending beyond the
limits of Massachusetts or incorporated by other states.   See
also *Easton Bridge* v. *The County*, 9 Barr, 415.

The real and personal estate of the corporation may be taxed
to the corporation by any power within whose jurisdiction it
may be found; and the interest of the shareholders is personal
to them, and may be taxed to them in their places of domicil,
whether the shares so held by them are shares of foreign or do-
mestic corporations, and notwithstanding, in the case of foreign
corporations, that such corporations have paid taxes on their
franchises and corporate property to the power which created
them.   *Gordon* v. *Appeal Tax Court*, 3 How. 133.   Angell &
Ames on Corporations, § 458.   *Dwight* v. *Mayor & Aldermen
of Boston*, 12 Allen, 316.   *Commonwealth* v. *Berkshire Insurance
Co.* 98 Mass. 25.   But if Massachusetts has jurisdiction for
taxation over such of the shares in this Michigan corporation
as are held by citizens of Massachusetts, it does not follow that
it has therefore such jurisdiction over all the shares of the capi-
tal stock of the corporation, part of which are owned by citizens
of other states, and that it may so tax property in other states
belonging to citizens of other states.

2. The St. of 1865, c. 283, on which this information is based,
so far as applicable to the taxation of the capital stock of for-
eign mining corporations to such corporations, and not to the
individual holders of shares in such stock, is repealed by the St.
of 1866, c. 291, § 2, and the power to tax the shares in such cor-
porations remitted to the towns and cities where the stock-
holders reside.

3. By the answer it appears that nearly all the contracts for
labor at the mine in Michigan, and for materials purchased, are
entered into in Michigan, and drafts for payments in fulfilment

of these contracts are drawn on the treasurer of the company The information asks the court to enforce the statute by enjoining the treasurer from paying these drafts; which would be in contravention of the Const. of the U. S., art. 1, § 10, forbidding any state from passing any law impairing the obligation of contracts.

WELLS, J. The defence in this suit seems to rest upon the supposition that the existence and organization of the corporation, the functions and capacities with which it is endowed by the law creating it, are alone what constitute the franchise, or " commodity," which is the subject of the tax or excise imposed by the St. of 1865, *c.* 283. If it were so, there would be much force in the argument that, when these are derived exclusively from the authority of another state, they are not proper subjects of state taxation here.

But we think this is a too limited view of the matter. It is not merely the creation of corporate functions and privileges, or the conferring of rights and franchises by the legislature, which entitles the state to tax the possessor of such privileges and rights. The exercise of powers or privileges, and even of occupations without especial powers or privileges, may be equally subjected to such taxation, under the constitutional authority to " impose and levy reasonable duties and excises." It was so considered in the case of *Portland Bank* v. *Apthorp,* 12 Mass. 252; and the tax of one per cent., laid upon the capital stock of the bank, was justified upon principles equally applicable to individuals transacting similar business, and to brokers, factors, auctioneers, &c. The tax was not sustained on the ground that the corporation derived its existence from the state which imposed the tax; on the contrary, one principal question in that case was, whether, by the charter, the state had not conferred upon the bank the privilege of doing the business, for which it was created, without restriction, so as to exempt the corporation from the requisition of any tax or duty afterwards levied upon the exercise of that privilege.

That decision is sufficient for the present case. The tax is, indeed, in form, levied upon the capital stock of the corporation.

But it is not merely the franchise of incorporation that is the basis of the tax; nor is it the capital, regarded merely as property. In case of domestic corporations, it is based upon a valuation which involves an estimate of all the advantages, present and prospective, which the stock is supposed to derive from the combination of capital and the exercise of all the rights and privileges enjoyed by the corporation in the conduct of its business. *Commonwealth* v. *Hamilton Manufacturing Co.* 12 Allen, 298.

When the exercise of corporate functions, authorized by the state, is extended beyond the limits of the state, as in railroads and telegraph lines, the tax is apportioned accordingly. In the case of mining companies whose mines are without the state, the tax is limited by the " par " of the stock ; and the tax upon foreign companies is founded upon the express consideration of " having an office or place of business within the Commonwealth for the direction of its affairs or transfer of shares." A mining corporation which comes within the terms of this provision has its domicil of business within the Commonwealth, as completely as one that is organized under our General Statutes for the prosecution of a like enterprise. A corporation which seeks, by its agents, to establish a domicil of business in a state other than that of its creation, must take that domicil, as individuals are always understood to do, subject to the responsibilities and burdens imposed by the laws which it finds in force there. The state may deny to foreign corporations the right to transact their business, hold property, or exercise any corporate function whatever within its limits. Or it may permit them to exercise such privileges upon terms prescribed by law, as has long been done in relation to insurance companies. *Erie Railway Co.* v. *New Jersey,* 2 Vroom, 531. The provisions of the statute in question are founded upon this right of exclusion or of conditional admission. Exclusion is the remedy provided to enforce compliance. The very defence to the suit implies the enjoyment of valuable rights and privileges within the Commonwealth, which a foreign corporation can only exercise by comity and the permission of the state.

The court are all of opinion that the tax upon the defendant corporation is legal; that it is warranted by the Constitution of the Commonwealth, and is not in conflict with any provision of the Constitution of the United States; and that § 8 of the St. of 1865, *c.* 283, is in no respect repealed or annulled by the St. of 1866, *c.* 291.

The Commonwealth is therefore entitled to an injunction restraining the further prosecution of the business of the defendant corporation within the Commonwealth, excepting the payment of debts already contracted, until all taxes due under said act shall be paid with interest and costs.