ATTORNEY GENERAL *vs.* NETHERLANDS FIRE INSURANCE
COMPANY.

Suffolk.    March 17, 1902. — May 23, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Insurance*, Foreign companies.

The prohibition contained in R. L. c. 118, § 20, that "no insurance company shall
insure in a single risk a larger amount than one tenth of its net assets," does
not apply to insurance made by a foreign company outside of this Common-
wealth.

HOLMES, C. J.    This is an information brought under R. L.
c. 118, § 112, (see St. 1894, c. 522, § 111; R. L. c. 226, § 2,) to
collect a penalty alleged to have been incurred under St. 1894,
c. 522, §§ 20, 103.    (R. L. c. 118, §§ 20, 103.)    The defendant
is a foreign insurance company incorporated under the laws of
Holland and authorized to do business in this State.    In Cali-
fornia it insured " in a single risk a larger amount than one tenth
of its net assets," and the question is whether the prohibition in
§ 20 against so doing extends to insurance by a foreign company
outside the State.

In the recent case of *Johnson* v. *Mutual Ins. Co. of New
York,* 180 Mass. 407, it is intimated that it is beyond the power
of the Legislature to invalidate contracts made in another ju-
risdiction by a foreign corporation, even though that corpora-
tion has submitted itself to our laws so far as is necessary in
order to enable it to do business here.    The doubt as to the
power was regarded as an argument for construing the statute
as not making the attempt.    The same argument applies here,
and of course, if, for that or any other reason, § 20 is read as
confined in its direct operation to Massachusetts contracts, the
penalty imposed by § 103 does not apply.    The statute does not
purport to impose the penalty upon acts which it cannot and does
not attempt to prohibit.    Therefore we have not to consider the
question whether it might punish what it could not prevent.
See *Carnahan* v. *Western Union Telegraph Co.* 89 Ind. 526.
*Commonwealth* v. *Macloon,* 101 Mass. 1.

The construction which a court naturally would be disposed to give the statute is somewhat confirmed by the history of our legislation, appealed to by both sides. The ten per cent limit upon risks after having been applied to domestic companies, St. 1817, c. 120, § 7 ; Rev. Sts. c. 37, § 21, was next applied to foreign companies in a different way by making it unlawful to act or contract as agent in this State for such companies unless they were restricted in like manner by their charters or otherwise. St. 1826, c. 141, § 3. Rev. Sts. c. 37, § 42. This went on through St. 1854, c. 453, § 31 ; St. 1856, c. 252, § 44 ; Gen. Sts. c. 58, § 66; Pub. Sts. c. 119, § 197 ; and there was added a specific prohibition of making contracts in this Commonwealth by which a risk of more than ten per cent of the capital or the securities specified was incurred. St. 1870, c. 349, § 1. Pub. Sts. c. 119, § 224. These local provisions stood alongside of the seemingly universal limitation set upon domestic companies. Pub. Sts. c. 119, § 56.

The trouble is due to an attempt at condensation in the codification of 1887. There, under the head of " Provisions common to all companies," after forbidding any company authorized to do business in this Commonwealth to reinsure its Massachusetts risks with any company not so authorized, it goes on : " And no such company shall insure in a single hazard a larger sum than one tenth of its net assets." St. 1887, c. 214, § 20. This obviously was intended, as is indicated by the margin of the section, to consolidate the sections concerning domestic and foreign insurance companies in the Public Statutes. Pub. Sts. c. 119, §§ 56, 197. See § 224. The act of 1887 was a continuation of existing laws, so far as it was the same, § 112, and it is plain that with regard to the question before us no alteration was intended. But it is plain also that without a good deal of straining it must be construed either as narrower than the possible meaning of § 56 for domestic companies or broader than the expressed intent of §§ 197 and 224 for foreign. It is enough to say that we think the latter horn of the dilemma cannot be accepted as we feel confident that it was not meant. The later statutes seem to require little additional comment. St. 1891, c. 368. St. 1894, c. 137, § 1 ; c. 522, § 20. St. 1895, c. 59, § 1. R. L. c. 118, § 20. The general intent of continuity is expressed

in St. 1894, c. 522, § 112; R. L. c. 226, § 2. In St. 1894, c. 137, § 1, one of the re-enactments of St. 1887, c. 214, § 20, the part dealing with reinsurance of risks omits the limitation to Massachusetts risks. But the words with which we are concerned, so far as material, are the same as in 1887, and have not changed their meaning.

It is obvious that the Massachusetts insurer has comparatively little concern with the extent of risks taken elsewhere, because apart from precautions taken by the statute to which we need not advert, a disaster to an insurance company which did not embrace the destruction of the insurer's property would mean at most a loss of premiums and the necessity of insuring elsewhere. But a disaster in Massachusetts would be likely to mean the destruction of property of other insurers beside the one who made the insurance exceeding ten per cent, and a chance of losing their insurance.

The defendant at once reinsured in companies authorized to do business in Massachusetts to an amount which, if deducted from the total risk, would reduce the defendant's remaining risk within the statutory limit. It is argued with some plausibility that this fact would save the defendant if the statute applied to its case. St. 1894, c. 522, § 20. But as the statute does not apply we leave this question undecided.

*Information dismissed.*

*F. H. Nash,* Assistant Attorney General, for the plaintiff.
*R. F. Herrick & A. M. Lyon,* for the defendant.