ATTORNEY GENERAL, at the relation of the Commissioner of Corporations, *vs.* ELECTRIC STORAGE BATTERY COMPANY.

ATTORNEY GENERAL, at the relation of the Treasurer of the Commonwealth, *vs.* SAME.

Suffolk.   March 27, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Constitutional Law.   Corporation.   Statute,* Construction.

St. 1903, c. 437, §§ 58, 66, 67, 75, imposing an excise tax on every foreign corporation organized for certain purposes "which has a usual place of business in this Commonwealth," although it does not apply to a corporation whose place of business is established and maintained solely for use in interstate commerce, applies to a corporation engaged in interstate commerce which at the same time has a place of business for other purposes, and so applied is constitutional.

KNOWLTON, C. J.   These are informations in equity brought by the attorney general against a foreign corporation, the first at the relation of the commissioner of corporations, under St. 1903, c. 437, § 50, and the second at the relation of the treasurer and receiver general, under § 78 of the same chapter, to enforce the provisions of §§ 66, 67 and 75.   These require every foreign cor-

poration, of the classes described in § 58, annually to file in the office of the secretary of the Commonwealth a certificate of certain facts, and to pay an excise tax assessed upon its capital stock by the tax commissioner.    The classes of foreign corporations described in § 58 include every one " which has a usual place of business in this Commonwealth, or which is engaged in this Commonwealth, permanently or temporarily, and with or without a usual place of business therein, in the construction, erection, alteration or repair of a building, bridge, railroad, railway or structure of any kind."    The defendant has a usual place of business in this Commonwealth, and the tax to be assessed under § 75 is for the commodity or privilege of having such a place of business here.    Const. Mass. c. 1, § 1, art. 4.    *Attorney General* v. *Bay State Mining Co.* 99 Mass. 148.    *Minot* v. *Winthrop*, 162 Mass. 113.    *Provident Institution* v. *Massachusetts*, 6 Wall. 611.    *Hamilton Co.* v. *Massachusetts*, 6 Wall. 632.

The general right of a State to prescribe the terms and conditions on which a foreign corporation may do business therein is unquestioned.    *Attorney General* v. *Bay State Mining Co.*, *ubi supra*.    *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28.    *Hooper* v. *California*, 155 U. S. 648.    A corporation is not a citizen of a State, within the meaning of art. 4, § 2, of the Constitution of the United States, which secures to the citizens of each State the privileges and immunities of the citizens of the several States.    *Paul* v. *Virginia*, 8 Wall. 168.    *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181.    An important limitation of this right of a State to impose conditions forbids the restriction or regulation of interstate commerce in which such a corporation is engaged.    *Commonwealth* v. *Petranich*, 183 Mass. 217, 219. *Pickard* v. *Pullman Southern Car Co.* 117 U. S. 34.    *Cooper Manuf. Co.* v. *Ferguson*, 113 U. S. 727.    *Leloup* v. *Port of Mobile*, 127 U. S. 640.    *Norfolk & Western Railroad* v. *Pennsylvania*, 136 U. S. 114.    *Crutcher* v. *Kentucky*, 141 U. S. 47.    *Postal Telegraph Cable Co.* v. *Charleston*, 153 U. S. 692.

If the statute before us applied to the maintenance of a place of business solely for the purpose of engaging in interstate commerce it would be unconstitutional.    *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196.    *Norfolk & Western Railroad* v. *Pennsylvania*, 136 U. S. 114.    Its language is broad enough to

include every corporation which has a usual place of business in the Commonwealth, even though it is a common carrier engaged in interstate commerce, and has its place of business here as a necessary means of carrying on this commerce. But it is a rule of law that a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature. As was said by Mr. Justice Devens in *Commonwealth* v. *Gagne*, 153 Mass. 205, 206, 207 : " Indeed, where two governments, like those of the United States and the Commonwealth, exercise their authority within the same territory and over the same citizens, the legislation of that which as to certain subjects is subordinate should be construed with reference to the powers and authority of the superior government, and not be deemed as invading them unless such construction is absolutely demanded." *White* v. *Gove*, 183 Mass. 333, 338. *Attorney General* v. *Netherlands Ins. Co.* 181 Mass. 522. *Supervisors* v. *Stanley*, 105 U. S. 305, and cases cited. *Kehrer* v. *Stewart*, 25 Sup. Ct. Rep. 403 ; *S. C.* 117 Ga. 969. *Osborne* v. *Florida*, 164 U. S. 650. *People* v. *Butler Street Foundry & Iron Co.* 201 Ill. 236. In accordance with the doctrine referred to in the cases above cited, we are of opinion that the Legislature cannot have intended to include in this statute corporations whose usual place of business is established and maintained solely for use in interstate commerce. With this construction of the law, it is plainly constitutional.

It remains to consider whether the defendant has a place of business in Massachusetts which is used for purposes other than interstate commerce. The agreed facts show that it has. It maintains an office which apparently is not necessary to its interstate business, and if it is necessary to this part of its business, it is used in part in a domestic business. It also maintains an " exide station " for the purpose of repairing, and supplying to customers parts for repairing, the apparatus previously sold by it. While the statute is inapplicable to any business or place which belongs entirely to interstate commerce, it is applicable to the defendant, a corporation engaged in interstate commerce, which has, at the same time, a place of business for other purposes.

The principle has been recognized repeatedly by the Supreme Court of the United States in similar cases. *Osborne* v. *Florida*, 164 U. S. 650. *Pullman Co.* v. *Adams*, 189 U. S. 420. *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181. *Allen* v. *Pullman's Palace Car Co.* 191 U. S. 171. *Ficklen* v. *Shelby County Taxing District*, 145 U. S. 1. *Brennan* v. *Titusville*, 153 U. S. 289. *Ashley* v. *Ryan*, 153 U. S. 436. *Reymann Brewing Co.* v. *Brister*, 179 U. S. 445. *Pennsylvania Railroad* v. *Knight*, 192 U. S. 21.

We are therefore of opinion that the defendant is liable to the forfeiture claimed in the first suit, and that the plaintiff is entitled to an injunction restraining the further prosecution of the defendant's business in this Commonwealth, except the business of disposing of its goods as a part of interstate commerce, until this forfeiture, with interest and costs, is paid, and the certificate required by the statute is filed. In the second suit the plaintiff is entitled to a like injunction, to remain in force until the taxes, with interests and costs, are paid.

*So ordered.*

*F. H. Nash*, Assistant Attorney General, for the relators.
*G. R. Nutter*, (*J. B. Studley* with him,) for the defendant.

