KEYSTONE WATCH CASE COMPANY *vs.* COMMONWEALTH.

Suffolk.    January 19, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Tax,* Excise.    *Corporation,* Foreign.

A foreign corporation maintaining a factory in this Commonwealth for the manufacture of watch movements, which in this Commonwealth are combined with cases manufactured in other States and then are sold principally upon orders solicited and accepted outside the Commonwealth, not more than two per cent of the product being sold to purchasers in this Commonwealth, is engaged in this Commonwealth in the business of manufacturing, which is separable from the subsequent commerce involved in the sale of the product and is subject to the excise tax imposed by St. 1909, c. 490, Part III, § 56.

PETITION, filed in the Supreme Judicial Court under St. 1909, c. 490, Part III, § 70, to recover the amount of excise taxes assessed in the years 1910 and 1911 upon the petitioner, a foreign business corporation, under Part III, § 56 of the same statute and paid by the petitioner.

The case was heard by *Braley,* J., upon the petition and answer and an agreed statement of facts.    He ordered that the petition be dismissed on the ground that Part III, § 56 of the statute authorized the assessment of the excise taxes upon the petitioner and that the section in its application to the petitioner was constitutional. At the request of the petitioner the justice reported the case for determination by the full court.

*P. Ketchum,* for the petitioner.

*A. Marshall,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J.    The questions argued at large relate to the constitutionality of the provisions of St. 1909, c. 490, Part III, § 56, establishing an annual excise to be paid by foreign business corporations as a condition of doing business other than interstate commerce within the Commonwealth.    It has been held in *S. S. White Dental Manuf. Co.* v. *Commonwealth, ante,* 35, *Baltic Mining Co.* v. *Commonwealth,* 207 Mass. 381, and *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, after extended ex-

amination of authorities, that the statute as construed by these decisions does not contravene any clause of the Constitution of the United States or of this Commonwealth.   It is not necessary to restate the principles or the reasoning of such recent decisions. They are adopted as the basis of this judgment.

In brief, the statute has been held not to apply to foreign corporations carrying on general interstate commerce exclusively, or engaged in conducting some kind of interstate commerce for hire as its principal function with which intrastate business is so closely connected that it cannot be given up without serious detriment to the interstate commerce, like telephone or telegraph business, or to the interstate portion of the business conducted by a corporation doing both interstate and intrastate commerce, and not to impose a property tax or any burden upon the transaction of interstate commerce.   But it does impose an excise as a condition precedent to the doing of business other than interstate commerce within the Commonwealth by foreign corporations, whether such business is exclusively domestic or conducted in connection with interstate commerce.   The statute exacts only a license fee upon foreign corporations for the privilege of doing domestic business within the Commonwealth.

It remains to examine the special facts of this case in order to determine whether it comes within the terms of the statute thus interpreted, or whether there are such vital differences between this and the cases just cited as to call for the application of other rules of law.   The petitioner is a Pennsylvania corporation engaged in the business of manufacturing and selling watches, watch cases, watch movements and other similar articles.   Its principal place of business is in Philadelphia, where are located its executive offices.   It maintains sales offices in New York, Ohio, Illinois and California.   It owns and operates extensive manufacturing plants in Pennsylvania, and at three different places in New Jersey.   At Waltham in this Commonwealth it also maintains a large factory with fixtures, machinery and other appliances fully equipped for the manufacture of watches, where it employs about three hundred and seventy-five persons in the manufacture of watch movements.   At the factory in this Commonwealth are manufactured watch movements, which here are combined with cases manufactured at its New Jersey and Pennsylvania plants.

Not more than two per cent of the product is sold to purchasers in this Commonwealth. Ninety-five per cent is sold upon orders solicited and accepted outside the Commonwealth. The authorized capital stock of the petitioner is $8,500,000 of which $6,000,000 are now outstanding. The value of its physical assets at the Waltham plant is $1,300,000, and the total value of its physical assets at its five plants is $7,242,000. It is obvious, from this description, that the activities of the petitioner conducted within this Commonwealth are chiefly those of manufacture, and not of commerce. The distinction between manufacture and commerce is sharp and well defined. Manufacture is the dominant business of the petitioner in this Commonwealth. Incidentally, some kind of commerce to some extent may be necessary to the conduct of most manufacturing business, but it is subsidiary rather than primary. *Kidd* v. *Pearson,* 128 U. S. 1, 20. *United States* v. *E. C. Knight Co.* 156 U. S. 1, 14. The maintenance of the petitioner's plant in Massachusetts is for a distinct department of its manufacture. Although manufacture contemplates commerce, that is a subsequent stage. Its manufacturing business is entirely separable from the commerce which follows and which is involved in the sale of the product. The petitioner, by reason of its several factories located in different States, does not thereby conduct a business so unified and interwoven as to be in a position similar to a telegraph or telephone company. Its factory here is separable in valuation as appears by the statement of facts. It is not a necessity for its interstate commerce nor necessarily maintained for use in connection with interstate commerce. In its essential facts, the case at bar is indistinguishable from *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. On the authority of that case and *Baltic Mining Co.* v. *Commonwealth,* 207 Mass. 381, and *S. S. White Dental Manuf. Co.* v. *Commonwealth, ante,* 35, and for the reasons there set forth, and under the interpretation of the statute there established, the petitioner was liable to the excise, and is not entitled to recover.

*Petition dismissed with costs.*