SOMERVILLE LUMBER COMPANY *v.* HENRY O. MACKRES.

February Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 22, 1913.

*Foreign Corporations Doing Business in this State Without Process Agent—Status—Service of Process—Judgment by Default—Validity—Audita Querela.*

Where a foreign corporation is doing business in this State, without having designated a resident agent on whom process against it can be served, as required by statute, service of a writ of attachment on the corporation by attaching its property in this State, and service on its agent therein, in the manner provided by P. S. 1450, 1458, for the service of like process on non-resident defendants, is sufficient, not only to bring the attached property within the custody of the law, and subject it to the satisfaction of any judgment that plaintiff in the action may obtain, but also to make that judgment a personal one.

The statutory provision for the service of process against a foreign corporation by making service on its designated process agent does not make that mode of service primary but only additional to the prescribed mode of service of like process on non-resident defendants, and so where such a corporation is served by attaching its property within this State, in the manner required by P. S. 1450, 1458, the officer's return need not negative the appointment of a process agent.

Where an *audita querela*, to set aside a judgment by default, is tried on its merits and determined in favor of defendant therein, the judgment should be for defendant instead of for dismissal of the writ.

AUDITA QUERELA to set aside a judgment by default. Trial by court at the March Term, 1911, Orleans County, *Hall*, J., presiding. Judgment, *pro forma*, that the writ be dismissed with costs. The plaintiff excepted. The opinion states the case.

*B. E. Bullard* for the plaintiff.

*Horace F. Graham* for the defendant.

ROWELL, C. J.   This is audita querela to set aside a judgment by default rendered against the plaintiff in favor of the defendant in the Orleans county court.

The action in which said judgment was rendered was commenced by the defendant, a resident of this State, on March 10, 1910, before and at which time the plaintiff was a Massachusetts corporation, having its principal place of business in Somerville in that state, but owning real estate and personal property in Craftsbury, Albany, and Greensboro in this State, and had for two years or more carried on a lumbering business in Vermont.

Said property was in charge of one Chase, a stockholder of the plaintiff since its organization, resident in Craftsbury, and in charge of the plaintiff's Vermont business—employed help, superintended the work, kept the books, etc., and, as the court below finds, was on said 10th day of March and for about two years prior thereto and since had been, the agent and manager of plaintiff's business in Vermont; and at the time the writ was served, was the lessee of plaintiff's mill in Craftsbury, and the custodian of its property.

On the 11th of said March the writ was served by duly attaching the plaintiff's real estate and personal property in all three of said towns by leaving copies in the offices of the clerks thereof, with the officer's return thereon indorsed.   The return further shows that on said last-mentioned day, at Greensboro, the officer delivered to said Chase, describing him as a stockholder and agent of this plaintiff, a copy of the writ, with a list and description of the property and estate attached and the return thereon indorsed; and it appears that Chase immediately forwarded said copy to the plaintiff at Somerville.   Not until some time after suit brought did the plaintiff designate an agent resident in this State upon whom process against it could be served here, as required by statute.

The statute provides that when real estate is attached, a true and attested copy of the attachment with a description of the estate attached, shall be delivered by the officer serving the same to the party whose estate is attached, or left at his last and usual place of abode; and that the officer shall leave a like copy

of the attachment, with a description of the estate attached, in the office where by law a deed of the estate is required to be recorded; and if the party whose estate is attached does not reside in the State, that a copy shall be delivered to his tenant, agent, or attorney; and if no such tenant, agent, or attorney is known, then such copy, with the officer's return thereon, lodged in the office where by law a deed of the estate is required to be recorded, shall be sufficient service. P. S. 1450.

The statute also provides that when the goods or chattels of a person are attached at the suit of another, a copy of the attachment and a list of the articles attached, attested by the officer serving the same, shall be delivered to the party whose goods or chattels are attached, or left at the house of his then usual abode, etc.; and if such person is not an inhabitant of the State, that such copy shall be left with his known agent or attorney, and for want thereof, at the place where such goods or chattels were attached. P. S. 1458.

Thus it appears, the plaintiff not having designated a process agent according to the statute, that the service of the writ was in strict compliance with the statute in case of nonresident defendants, and therefore sufficient, not only to bring the property attached within the custody and control of the law, and subject it to the satisfaction of the judgment obtained in the action, but also to make that judgment good as a personal judgment.

This is so because, there being no statute specifically relating to the service of process on foreign corporations doing business in this State other than the one requiring them to appoint a process agent, they must be taken, if they omit that, to assent to be served with process the same as other non-resident defendants are served; or, in other words, they must take the law in that regard as they find it. Thus, in *Attorney-General* v. *Bay State Mining Co.* 99 Mass. 148, 153, 96 Am. Dec. 717, it is said that a corporation that establishes a domicile of business in a state other than that of its creation, must take that domicile as individuals are always understood to take it, subject to the responsibilities and burdens imposed by the laws it finds in force there.

In *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. ed. 565, the Court had occasion to consider at length the manner in which state courts can acquire jurisdiction to render a personal judgment

against non-residents that will be received as evidence in the
Federal courts, and held that personal service of citation on the
party or his voluntary appearance was, with some exceptions,
essential to such jurisdiction. The exceptions referred to, the
Court said, relate to cases where proceedings are taken in a
state to determine the status of one of its citizens towards a
non-resident, or where the party has agreed to accept a notifica-
tion to others or service on them as a citation to himself.

In *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct. 354, 27 L. ed.
222, it is said that this doctrine applies in all its force to per-
sonal judgments of state courts against foreign corporations;
that the court rendering such a judgment must have acquired
jurisdiction of the party by personal service or voluntary ap-
pearance, whether the party is a corporation or a natural person,
there being only this difference, namely, that as a corporation
is an artificial person, it can act and be reached only through
agents, and therefore process against it must be served on its
agents, who must be such as may properly be deemed its repre-
sentatives for that purpose; and that service upon such an agent
is the same as personal service upon the corporation itself.

What is said in *Hill* v. *Warren,* 54 Vt. 73, about certain
methods of service not being alternative but successive, has no
application here, for that was said of a method that the statute
expressly made successive.

But here it was not necessary, as claimed, for the return
to negative the appointment of a process agent by the plaintiff,
for we construe that statute not to make that mode of service
primary but only additional. A similar statute is thus con-
strued in *Mutual Reserve Fund Association* v. *Cleveland Woolen
Mills,* 27 Circuit Court of Appeals Reports, 212, 82 Fed. 508.

The judgment below is not apt. It dismissed the writ,
whereas it should have been, judgment for the defendant, as
the case was tried on its merits. *Foss* v. *Witham,* 9 Allen, 572.
But we let it stand, nevertheless.

*Judgment affirmed.*