LEVER BROTHERS COMPANY *vs.* COMMONWEALTH.

PHILADELPHIA AND READING COAL AND IRON COMPANY *vs.* SAME.

Suffolk.    December 2, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Tax*, Remedy for unlawful exaction, Validity, Filing fee. *Words*, "Fee," "Costs."

The permission given by St. 1909, c. 490, Part III, § 70, to sue the Commonwealth in its own courts to recover the amount of a tax or excise exacted unlawfully, is limited to cases where the petition was brought within six months after the

payment of such tax or excise. Affirming *International Paper Co.* v. *Commonwealth, ante,* 7.

The condition of jurisdiction mentioned above, which also constitutes a statute of limitation, is reasonable in regard to the length of the period of limitation.

An excise exacted from a foreign corporation, which was assessed and paid while St. 1909, c. 490, Part III, § 56, and St. 1914, c. 724, both were in force and before the last named statute had been repealed by St. 1918, c. 76, was exacted unlawfully and the amount thus paid can be recovered from the Commonwealth by a petition under St. 1909, c. 490, Part III, § 70. Following *Liquid Carbonic Co.* v. *Commonwealth, ante,* 19.

The fee of $5 required from a foreign corporation doing business here under St. 1903, c. 437, § 91, for filing the annual certificate of condition required by St. 1909, c. 490, Part III, § 54, is no larger in amount than may be regarded as necessary to cover the expenses of maintaining and caring for records and is a reasonable requirement.

The fee for filing named above is not a tax nor an excise and, if exacted unlawfully, no remedy for recovering the amount of it is given by St. 1909, c. 490, Part III, § 70. Nor is it included in the word "costs" as used in that section.

Two PETITIONS, filed in the Supreme Judicial Court respectively on April 10 and 5, 1918, under St. 1909, c. 490, Part III, § 70, to recover the amounts of certain excises and filing fees alleged to have been exacted unlawfully as described in the opinion.

In each of the cases the Commonwealth filed a demurrer assigning, in the case of Lever Brothers Company, the following grounds of demurrer:

"1. So far as said petition relates to taxes paid by the petitioner on November 14, 1914, November 12, 1915, and January 15, 1917, it is not brought 'within six months after the payment of the same,' as required by St. 1909, c. 490, Part III, § 70.

"2. No tax described in the petition was exacted without authority of law.

"3. The filing fees paid by the petitioner can in no event be recovered in this proceeding."

In the case of Philadelphia and Reading Coal and Iron Company the grounds assigned for demurrer were the same except that the dates on which the excises were paid were alleged to be "November 9, 1914, November 30, 1915, and November 29, 1916."

Each of the cases was heard by *Carroll, J.,* and, by agreement

of the parties, each of them was reserved upon the petition and the demurrer thereto for determination by the full court.

*W. M. Richardson,* for the petitioners.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J. These are petitions brought by foreign corporations under St. 1909, c. 490, Part III, § 70, to recover corporation excise taxes and filing fees alleged to have been exacted illegally. Each petition was filed in April, 1918. The petition of Lever Brothers Company seeks the recovery of excises and fees paid in 1914, 1915, 1917 and in February, 1918; that of the Philadelphia and Reading Coal and Iron Company seeks the recovery of excises and fees paid in 1914, 1915, 1916 and in December, 1917. It is an express term of said § 70 that any corporation "aggrieved by the exaction of said tax or excise or of any portion thereof may, within six months after the payment of the same" apply by petition for an adjudication that the tax has been exacted illegally, and such petition is declared to "be the exclusive remedy."

The petitioners, therefore, do not bring themselves within the terms of the statute as to any of the payments made in the way of excises and fees before the last averred in each petition. The Commonwealth is the respondent. It can be impleaded in its courts only by its consent. There must be strict compliance with the terms of the statute upon which that consent is granted before the Commonwealth as a sovereign power càn be held to answer to the petition. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137. *Briggs* v. *Light-Boat Upper Cedar Point,* 11 Allen, 157. *Kawananakoa* v. *Polyblank,* 205 U. S. 349. *Kansas* v. *United States,* 204 U. S. 331. *Louisiana* v. *McAdoo,* 234 U. S. 627. Compliance with such a limitation as to time of instituting process is a condition precedent to the maintenance of the proceeding. *Wheatland* v. *Boston,* 202 Mass. 258. The court has no jurisdiction to entertain proceedings for relief begun at a later time. *Cheney* v. *Assessors of Dover,* 205 Mass. 501, 503. *International Paper Co.* v. *Commonwealth, ante,* 7.

The remedies given by the statute are expressly made exclusive of all others. *Attorney General* v. *East Boston Co.* 222 Mass. 450, 452.

Section 70, in addition to establishing jurisdictional conditions precedent, is also in one aspect a statute of limitations. It limits the time, within which petitions for the recovery of excises illegally exacted may be brought, to a period of six months after the payment of the excise of which complaint is made. That period of time as a limitation has long been in our tax laws respecting corporations. It was in existence many years before the exactions here in controversy. It has been in force since St. 1867, c. 52, § 2. Its reasonableness in this particular never has been assailed. Under our own decisions and our Constitution it manifestly is reasonable as to time. *Mulvey* v. *Boston*, 197 Mass. 178, 183, where the general subject of reasonableness of time in statutes of limitations was considered at large in an opinion by Chief Justice Knowlton. A period of three months after payment of a tax as a limitation of time within which to bring action for its recovery has been upheld as valid after full discussion in *Wheatland* v. *Boston*, 202 Mass. 258. We do not understand that the principles adopted and followed upon this point by the Supreme Court of the United States are at variance. It was said in *Wilson* v. *Iseminger*, 185 U. S. 55, at page 63: "What shall be considered a reasonable time must be settled by the judgment of the Legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice. . . . In all such cases, the question is one of reasonableness. . . . Of that the Legislature is primarily the judge, and we cannot overrule the decision of that department of the government, unless a palpable error has been committed. In judging of that, we must place ourselves in the position of the legislators, and must measure the time of limitation in the midst of the circumstances which surrounded them, as nearly as possible; for what is reasonable in a particular case depends upon its particular facts. *Turner* v. *New York*, 168 U. S. 90." *American Land Co.* v. *Zeiss*, 219 U. S. 47, 67. *Blinn* v. *Nelson*, 222 U. S. 1, 7. *United States* v. *Morena*, 245 U. S. 392, 397.

This branch of the case is fully covered in principle by *International Paper Co.* v. *Commonwealth, ante,* 7, just decided.

It follows that the court has no jurisdiction to consider the

validity of the payments in way of tax made by these petitioners at any time previous to six months before the bringing of the petitions. The first paragraph of the demurrer of the Commonwealth is sustained.

The last excise described in each of these petitions was assessed and paid while St. 1909, c. 490, Part III, § 56, and St. 1914, c. 724, were both on the statute books and before the latter was repealed by St. 1918, c. 76. The claim of each petitioner to recover the amount paid for that excise is supported precisely by the decision of *Locomobile Co. of America* v. *Massachusetts*, 246 U. S. 146. The cases at bar both are governed upon this point by *Liquid Carbonic Co.* v. *Commonwealth, ante,* 19, just decided. The second paragraph of the demurrer is overruled.

The petitioner in each case also seeks to recover a fee of $5 paid by it under § 91 of St. 1903, c. 437, for filing its annual certificate of condition required by St. 1909, c. 490, Part III, § 54. This is not a tax, but a simple fee no larger in amount than may be regarded as necessary to bear the expenses of maintaining and caring for records. It is a fixed sum exacted of all foreign and domestic corporations alike which come within its scope. See St. 1903, c. 437, §§ 45 and 90 as to domestic corporations. Whether it is valid under the police power of the Commonwealth need not now be decided. See, in this connection, *Mayor of New York* v. *Miln,* 11 Pet. 102, 139, *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 216, Cooley's Const. Lim. (7th ed.) 857, 858. However that may be, it was held in *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, that § 66 of St. 1903, c. 437 (now said § 54), would be invalid if applicable to corporations engaged exclusively in interstate commerce and not conducting a local business, and that hence it was not intended by the General Court to apply to such foreign corporations as were engaged exclusively in interstate commerce. It follows as a necessary corollary of that decision that said § 91 was not intended by the Legislature to apply to foreign corporations not engaged at all in domestic business within the Commonwealth. See *Buck Stove & Range Co.* v. *Vickers,* 226 U. S. 205. But the petitioner in each case is a foreign corporation engaged in intrastate commerce within this Commonwealth. It is not engaged exclusively in interstate commerce. It can only engage in that local business on such terms as the

Commonwealth imposes, having regard to constitutional immunities. It seems to us not open to serious discussion that the requirement of a registration fee of so trifling a sum as $5 is rational in its design and reasonable in amount. This was decided in substance in *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239.

There is another complete bar to this part of the petitioners' claim, upon which this decision also rests. The payment required by said §§ 54 and 91 is not a tax or an excise. It is a mere registration fee. It is so named in the statute, where the word "fee" is used as distinguished from the words, "tax or excise." See St. 1909, c. 490, Part III, §§ 54, 69, 70, and St. 1903, c. 437, § 90. The only jurisdiction granted to the court by § 70 (under which these petitions are brought) is to consider grievances arising from the exaction of "said tax or excise or any portion thereof." Plainly the fee is not "costs" under § 70. It is manifest that the court has no jurisdiction to consider the question of the fee. The Commonwealth as a sovereign power has not consented to be impleaded respecting that subject. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137. The third paragraph of the demurrer is sustained.

The result is that it is adjudged that the excise paid by the Lever Brothers Company in February, 1918, and the excise paid by the Philadelphia and Reading Coal and Iron Company in December, 1917, were exacted illegally. Appropriate decree is to be entered in each case in accordance with St. 1909, c. 490, Part III, § 71.

*So ordered.*