### BOSTON MANUFACTURING COMPANY *vs.* COMMONWEALTH.

Suffolk.   March 17. — June 29, 1887.   FIELD, C. ALLEN, & GARDNER, JJ.,
                                absent.

A petition to this court, under the Pub. Sts. *c.* 13, § 64, to recover the amount of a
  tax assessed to and paid by a corporation upon the market value of the shares
  of its capital stock, cannot be maintained for an overvaluation of the shares.

DEVENS, J.   The excise tax, which the petitioner seeks by
this petition to recover, was imposed by virtue of the Pub. Sts.
*c.* 13, § 38.   Under the previous acts (Sts. 1864, *c.* 208, 1865,
*c.* 283, and 1867, *c.* 52) upon which the section in question is
founded, this excise has repeatedly been held to be a tax upon
the franchise of a corporation, and not upon its property, and
thus is constitutional.   *Commonwealth* v. *Hamilton Manuf. Co.* 12
Allen, 298.   *Commonwealth* v. *Cary Improvement Co.* 98 Mass. 19,
22.   *Commonwealth* v. *Berkshire Ins. Co.* 98 Mass. 25.   *Manufac-
turers' Ins. Co.* v. *Loud*, 99 Mass. 146.

The sections of the statutes which apply to the petition are
as follows:

" The tax commissioner shall ascertain, from the returns or
otherwise, the true market value of the shares of each corpora-
tion, . . . . and shall estimate therefrom the fair cash valuation
of all of said shares constituting its capital stock."   Pub. Sts.
*c.* 13, § 39.

Section 62 provides: " The treasurer and auditor of the Com-
monwealth, together with one member of the council, . . . .
shall constitute a board of appeal, to which board any party
aggrieved by a decision of the tax commissioner . . . . may
apply for a correction of the same.   Upon such appeal said
board shall, as soon as may be, give a hearing to such party,
and shall thereupon decide the matter in question; . . . . and
such decision shall be final and conclusive as to the rights of the
parties affected."

Section 64 provides: " Any corporation . . . . aggrieved by
the exaction of said tax . . . . may . . . . file a petition to the
Supreme Judicial Court, in the nature of a petition of right, set-
ting forth the amount of the tax or excise, and . . . . the general

legal grounds, if any, upon which it is claimed such tax or excise should not have been exacted, and specifically the grounds in fact, if any, upon which it is so claimed."

The petition alleges, and the answer admits, that the capital stock of the petitioner was eight hundred shares of the par value of $1000 each; that the deputy tax commissioner, under the Pub. Sts. *c.* 13, assessed a tax upon the petitioner of $1097.58; that the petitioner appealed to the board of appeal from the decision of the deputy tax commissioner, and that the board affirmed his decision and fixed the value of the shares at $1250 each, and determined the credits which should be allowed and deducted for real estate and machinery subject to local taxation to be $924,200; and that the petitioner thereupon paid said tax under protest, reserving the right to file this petition.

The petition further alleges, that the true market value of the shares was $1050 each. Reckoning the shares at their true market value of $1050 would make their total valuation $850,000; and the petitioner contends that, inasmuch as there was no excess in the value of its shares over the credit allowed for the local tax, no excise should have been required by the Commonwealth.

What the petition sets forth is, therefore, an error of judgment, by which the shares in the corporation have been overvalued; and further, that, if they had been correctly valued, no assessment whatever should have been made upon the corporation, by reason that the amounts which it was entitled to have deducted on account of the property held by it and elsewhere taxable would have exceeded the aggregate value of the shares.

In permitting a petition to this court to recover back a tax or excise which should not have been exacted, it was not intended to enable a corporation to bring before this court the inquiry whether there had not been an overvaluation of that which was taxable, but whether there had been a wrongful assessment of a tax or excise upon that which was not the proper subject of taxation. In its petition, the petitioner is to set forth the "general legal grounds" on which it is alleged the tax should not have been exacted, as well as "the grounds in fact," if any, on which it is so claimed. It is contemplated that there is a legal ground of objection to the tax, and not an error of judgment, by which

the property or franchise of a corporation has been over-valued, and thus subjected to taxation. In providing for an assessment by the deputy tax commissioner, and for a board of appeal, all the provision was made which was deemed necessary, so far as valuation was concerned. To determine whether a tax or excise had been imposed upon that which was a lawful subject of tax or excise, would seem a proper inquiry by a proceeding in the nature of a bill. in equity, and might be an appropriate supplement to the action of a board of appeal which had estimated the value of property or a franchise which might become a subject of taxation. For this purpose, jurisdiction has been given to this court, but not for the purpose of determining by a proceeding here whether the valuation made by the board of appeal was correct in amount, for which inquiry a bill in equity would be but ill adapted.

The petitioner contends that, upon the testimony which was received *de bene* by a single justice of this court, it appears that there was no evidence before the board of appeal which would warrant a finding by that tribunal that the true market value of the shares was $1250 each, or any other sum, the aggregate of which would exceed the deduction to be made, and thus leave any value in the shares which might represent the value of the franchise of the corporation. It further contends that, as the board of appeal had no evidence before it on which to base its finding, it acted without authority of law, and the tax here in controversy was thus illegally exacted, and that it is therefore the duty of this court to interpose. While the evidence as to the testimony before the board of appeal was admitted by the presiding judge, it was admitted only *de bene*, and for the purpose of raising the inquiry whether, in this proceeding, we can review its action. The board was dealing with a matter which we must hold was wholly within its own jurisdiction. It did this upon evidence satisfactory to itself. It is not for us in this proceeding to determine whether it did so on sufficient evidence or not. The franchise of the corporation, the value of which was ascertained to some extent by determining the value of the shares, was a lawful subject of taxation, and the board was in the lawful exercise of the duty imposed upon it in determining this value. The excise could not be held to be assessed without

authority of law, which is the only tax or portion of a tax that could be abated by this proceeding, even if the evidence before the board should seem to us to have been insufficient to justify the valuation which it saw fit to place upon the shares.

*Petition dismissed.*

*T. L. Livermore,* for the petitioner.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.