ATTORNEY GENERAL *vs.* EAST BOSTON COMPANY.

Suffolk.    November 9, 1915. — January 21, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Tax,* Excise on corporate franchise, Remedy for over-valuation or wrongful assessment.

The right of appeal given by St. 1909, c. 490, Part III, § 68, to a domestic business corporation from a decision of the tax commissioner assessing an excise on the franchise of such corporation is lost if not exercised within ten days as prescribed by the statute.

The right given by St. 1909, c. 490, Part III, § 70, to a domestic business corporation aggrieved by the exaction of a franchise tax or excise or of any portion thereof, to file in the Supreme Judicial Court a petition for an abatement within six months after payment of the tax, is made by the terms of the statute an exclusive remedy.

Where a domestic business corporation did not appeal under St. 1909, c. 490, Part III, § 68, from the decision of the tax commissioner assessing an excise upon its franchise, and filed no petition under Part III, § 70, of the same statute for an abatement of the tax, it has no defence to an information by the Attorney General to collect the tax in full, and cannot be allowed to show in such a suit that it was entitled under the statute to a deduction which would make the amount of the franchise tax much less than the amount which was assessed by mistake and was paid by it in full.

CARROLL, J. This is an information * at the relation of the Treasurer and Receiver General to recover a corporation

---

* The case was reserved by *De Courcy,* J., upon the information, the answer, the replication and an agreed statement of facts for determination by the full court.

franchise tax from the defendant, a domestic business corporation.

In a return made by it to the tax commissioner April 10, 1912, St. 1909, c. 490, Part III, § 40, under the heading "Notes" the corporation stated as one of its assets the amount of $152,795.79. Of this sum $148,784 was secured by mortgages of real estate situate in the Commonwealth, and it is agreed that the assessed value of this real estate exceeded the value of the notes and they were securities which, if owned by a natural person residing within the Commonwealth, would not be liable to taxation. By reason of a mistake of the respondent's treasurer, it did not appear in the statement that the notes were secured by mortgages on real estate. The tax commissioner had no notice that any of the notes mentioned in the tax return were secured by mortgages, and he did not deduct their value, $148,784. St. 1909, c. 490, Part III, § 41.

Between April 10, 1912, and September 20, 1912, the assessors of Boston, Winthrop and Revere reported to the tax commissioner, that the value of the real estate owned by the defendant on April 1, 1912, in these municipalities, was $1,315,250, and assessed for this amount. These returns were erroneous, the value and amount of the real estate owned by the defendant and assessed in these municipalities on April 1, 1912, being $1,499,450.

On September 20, 1912, the defendant had no knowledge of the report of the assessors to the tax commissioner, and the commissioner, being ignorant of the error in these returns, gave no notice to the defendant under St. 1909, c. 490, Part III, § 45. On September 20, 1912, the tax commissioner determined the amount of the defendant's tax to be $4,417.99. When he determined the tax, he had no knowledge of the error in the return of the assessors and supposed the value of the real estate owned by the defendant in Boston, Winthrop and Revere to be $1,315,250. The agreed facts show that, if the value of the defendant's real estate was taken at $1,499,450 and the total of the mortgages deducted (St. 1909, c. 490, Part III, § 41, cl. 3, and § 43), the franchise tax would be $1,914.81.

On September 20, 1912, the defendant received a tax bill for $4,417.99. It stated that within "Ten Days from the date hereof, said corporation may apply for a correction of said tax, and be

heard thereon before the Board of Appeal." The defendant made no application within ten days from that date for a hearing upon the matter. St. 1909, c. 490, Part III, § 68.

While the Attorney General concedes, that the mortgage notes should be considered by the tax commissioner as non-taxable securities of the defendant, he contends, that the commissioner had no knowledge of such facts from the return, that he did not know it until September 30 and that the defendant is liable for the full amount of the tax.

Whether this was an error of the tax commissioner in over-valuation, or a wrongful assessment in part, the remedy given by the statute must be complied with. For a mistake in valuation the remedy is under § 68 of the act, and that remedy is exclusive. If there was an assessment of a tax wrongful in part, the defendant must seek relief under § 70 of Part III, which provides: "Any corporation . . . aggrieved by the exaction of said tax or excise or of any portion thereof may, within six months after the payment of the same . . . apply by petition to the Supreme Judicial Court. . . . Said petition shall be the exclusive remedy." See *Harrington* v. *Glidden*, 179 Mass. 486.

A tax is not a debt, *Boston* v. *Turner*, 201 Mass. 190, 193, *Appleton* v. *Hopkins*, 5 Gray, 530, and the defences upon which a debtor generally can rely are not open to the taxpayer. The remedies given by the tax statute exclude all other relief. As the defendant has not pursued either of the remedies, and has neither appealed nor sought relief by petition, it cannot now prevail. *Boston Manuf. Co.* v. *Commonwealth*, 144 Mass. 598. *Osborn* v. *Danvers*, 6 Pick. 98. *Lincoln* v. *Worcester*, 8 Cush. 55.

The validity of an assessment, good in part, cannot be collaterally attacked by a defendant where a proceeding is brought to collect the tax. As stated by Wilde, J., in *Osborn* v. *Danvers*, "when a new right is created by statute, which at the same time provides a remedy for any infringement of it, that remedy must be pursued." Deciding, therefore, that the defendant is without remedy in this proceeding, "is not deciding upon a mere question of form of remedy, where a real grievance is shown; but it results from a view of the fundamental principles, on which the whole system of public taxation is founded." *Lincoln* v. *Worcester, supra,* 66.

See *Harrington* v. *Glidden, supra; Gannett* v. *Cambridge,* 218 Mass. 60.

A decree is to be entered ordering the defendant to pay the Treasurer and Receiver General the sum of $4,417.99, with interest thereon at the rate of twelve per cent per annum from October 20, 1912.

*So ordered.*

*W. H. Hitchcock,* Assistant Attorney General, for the plaintiff.
*J. M. Hallowell,* for the defendant.