AMERICAN HIDE AND LEATHER COMPANY *vs.* COMMONWEALTH.

SAME *vs.* SAME.

Suffolk. January 14, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Tax*, Excise on foreign corporation, Abatement.

A contention that, when assessing an excise tax upon a foreign corporation under G. L. c. 63, §§ 30, 39, the commissioner has made an overvaluation of that which is rightly subject to the excise is a matter for relief under §§ 51, 71, of the statute only; while, if the corporation taxed contends that there has been a wrongful assessment or excise upon that which is not a proper subject of taxation, relief must be sought under § 77.

A petition by a foreign corporation for the abatement of an excise tax assessed under G. L. c. 63, §§ 30, 39, which was based on a contention that, in ascertaining "the fair cash value of all the shares constituting the capital stock," the commissioner refused to accept the market value as shown on the stock exchange, and made a more or less complicated computation using that stock exchange market value as only one factor and at the same time employing as another factor the book value of the assets of the corporation, seeks an abatement on the ground that there was an overvaluation by the commissioner and is not properly brought under G. L. c. 63, § 77.

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on February 11, 1924, and March 18, 1924, respectively, seeking the abatement of an excise tax upon the petitioner, a New Jersey corporation, for the years 1921 and 1923, respectively. The respondent demurred to each petition on the ground "that the petitioner seeks by its petition to correct an alleged over valuation of its assets employed in business within the Commonwealth and that the petitioner's remedy for any error made by the commissioner of corporations and taxation in that respect is by appeal to the board of appeal under the provisions of G. L. c. 63, §§ 51, 71, and not by petition to this court under the provisions of G. L. c. 63, § 77."

The demurrers were heard by *Carroll*, J., who ordered them overruled and, being of the opinion that his rulings so affected the merits of the controversy that before further proceedings the matter ought to be determined by the full court, reported the questions raised by the demurrers for that purpose.

*A. Lincoln*, Assistant Attorney General, for the Commonwealth.

*C. O. Pengra*, for the petitioner.

RUGG, C.J. These are two petitions for the abatement of portions of corporate excises for the years 1921 and 1923, assessed to and paid by the petitioner. The only question presented is whether the remedy of the petitioner for the wrongs of which it complains is by these petitions under G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14, or by appeal to the appeal board under G. L. c. 63, §§ 51, 71. When the complaint is that there has been an overvaluation of that which is rightly subject to the excise, relief must be sought under §§ 51, 71. When the complaint is that there has been a wrongful assessment or excise, upon that which is not the proper subject of taxation, then relief must be sought under § 77. *Boston Manuf. Co.* v. *Commonwealth*, 144 Mass. 598. *Attorney General* v. *East Boston Co.* 222 Mass. 450. *Alpha Portland Cement Co.* v. *Commonwealth*, 248 Mass. 156, 159. The commissioner made the assessment under these words of G. L. c. 63, § 39:

Every foreign corporation shall pay annually, with respect to the carrying on or doing of business by it within the Commonwealth, an excise equal to the sum of the following,

(1) An amount equal to five dollars per thousand upon the value of the corporate excess employed by it within the Commonwealth.

(2) An amount equal to two and one-half per cent of that part of its net income, as defined in section thirty and in this section, which is derived from business carried on within the Commonwealth.

And these words of c. 63, § 30:

When used in this section and section thirty-one to fifty-two, inclusive, the following terms shall have the following meanings: —

4 " Corporate excess employed within the Commonwealth " by a foreign corporation, such proportion of the fair cash value of all the shares constituting the capital stock on the first day of April when the return called for by section thirty-five is due as the value of the assets, both real and personal, employed in any business within the Commonwealth on that date, bears to the value of the total assets of the corporation on said date, less the value of the following.

The essence of the plaintiff's complaint is that in ascertaining "the fair cash value of all the shares constituting the capital stock" the commissioner refused to accept the market value as shown on the stock exchange, but made a more or less complicated computation using that stock exchange market value as only one factor and at the same time employing as another factor the book value of the assets of the corporation. Whether the commissioner was right or wrong in the method he employed is a question of law. But the result of the whole inquiry, whichever method be required by the statute, is simply the fair cash value of the shares. That is a question of valuation and not a question whether that has been assessed which ought not to have been assessed.

Difficult and important questions of law may arise in de-

termining proper methods to be pursued in making a valuation. They are nevertheless questions of valuation, whether overvaluation or undervaluation, although their solution may depend upon questions of law.

*Demurrers sustained.*