## W. & J. SLOANE *vs.* COMMONWEALTH.

Suffolk.   October 19, 1925. — October 29, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Tax*, Excise on corporation. *Statute*, Construction. *Corporation*, Taxation. *Constitutional Law*, Taxation, Interstate commerce. *Interstate Commerce.*

The United States Supreme Court in its decision in *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203, in effect held merely that the interpretation by this court of G. L. c. 63; St. 1923, c. 487, which made

the statute applicable to foreign corporations doing an entirely interstate business in this Commonwealth, led to an unconstitutional application of the statutory process; that decision was not a declaration under the provisions of G. L. c. 63, § 52, that the statute was unconstitutional.

It is to be presumed that the Legislature intended G. L. c. 63; St. 1923, c. 487, to be applicable only to foreign corporations which are engaged in this Commonwealth in intrastate commerce and which thus are subject, within constitutional bounds, to the taxing jurisdiction of the Commonwealth.

The time within which a petition, under G. L. c. 63, § 77; St. 1922, c. 520, § 14, by a foreign corporation doing a wholly interstate business in this Commonwealth, for an abatement of an excise illegally exacted under G. L. c. 63; St. 1923, c. 487, may be filed, was not extended under G. L. c. 63, § 52, by reason of the decision of the United States Supreme Court reported in *Alpha Portland Cement Co.* v. *Massachusetts,* 268 U. S. 203.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on June 19, 1925, under G. L. c. 63, § 77, for the abatement of an excise tax alleged to have been assessed upon the petitioner illegally.

The Commonwealth moved to dismiss the petition and, at the request of the parties, *Braley,* J., reserved the case upon the petition and motion to dismiss for determination by the full court.

*Harrison M. Davis,* (*F. Rackemann* with him,) for the petitioner.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

*B. L. Young, amicus curiae,* submitted a brief.

RUGG, C.J.    This is a petition by a foreign corporation, transacting within this Commonwealth interstate commerce alone, to recover an excise tax assessed to it under G. L. c. 63, and St. 1923, c. 487, on September 20, 1924, and paid by it on October 20, 1924.    The petition was filed on June 19, 1925.    It purports to be brought under G. L. c. 63, § 77. It is provided in that section, as amended by St. 1922, c. 520, § 14, in substance that a corporation aggrieved by the exaction of an excise tax may "within six months after the payment of the same" apply to the court by petition setting forth the grounds upon which it is claimed that the excise was illegally exacted, and that such "petition shall be the exclusive remedy."    The grounds set forth in the petition

are that the petitioner was not subject to such excise tax because engaged exclusively in interstate commerce within the Commonwealth, that G. L. c. 63, § 39, and St. 1923, c. 487, § 6, purporting to authorize the excise, were declared "illegal, unconstitutional and void" as applied to the petitioner by the Supreme Court of the United States in a judgment rendered on May 4, 1925, in *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203, reversing the decisions of this court in *Alpha Portland Cement Co.* v. *Commonwealth*, 244 Mass. 530; 248 Mass. 156, and that "the effect of said judgment of the Supreme Court of the United States was to extend for a period of six months from May 4, 1925, the time for the filing of this petition" by virtue of § 52 of G. L. c. 63. That section provides: "If the excise imposed by section thirty-two on domestic business corporations, or that imposed by section thirty-nine on foreign corporations, is declared unconstitutional by a final judgment, order or decree of the United States Supreme Court or the Supreme Judicial Court of the Commonwealth, sections thirty to fifty-one, inclusive, shall be null and void, and all laws repealed or made inoperative by chapter three hundred and fifty-five of the General Acts of nineteen hundred and nineteen shall thereupon be revived and continue in full force and effect as if the said chapter had not been enacted. In such case the commissioner and local assessors shall forthwith assess all taxes that have become due under such prior laws, and the time for making any assessment or performing any other duty imposed or privilege granted by such laws shall be extended for a period of six months after the date when they are thus determined to be in force, and the time within which corporations may apply by petition to the Supreme Judicial Court under section seventy-seven for the abatement of the excise imposed by section thirty-two, or of that imposed by section thirty-nine, shall be extended for the same period. If any part, section or subdivision of said sections thirty to fifty-one, inclusive, other than the provisions in sections thirty-two and thirty-nine imposing an excise, shall be declared unconstitutional, the validity of the remaining parts of said sections thirty to fifty-one, inclusive,

shall not be affected thereby." The respondent moved to dismiss the petition on the grounds appearing on the face of the record that, "1. The petition is not an application for the abatement of a tax or excise illegally exacted, under G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14. 2. The petition is not brought within six months of payment of the tax as required by G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14." The case is reserved for our consideration upon the petition and motion to dismiss.

The petitioner, being a foreign corporation engaged exclusively in interstate commerce within this Commonwealth, was not subject to the excise tax established by G. L. c. 63, § 39. That is settled by *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203. The excise tax of which complaint is made in the present petition was illegal. That, however, does not dispose of the case at bar. If the present petition had been filed within six months after payment of the excise, the petitioner would be entitled to prevail. But the petition was not filed within that time. The petitioner cannot prevail unless the time within which its petition could be filed was extended by operation of G. L. c. 63, § 52, already quoted. The precise question presented is whether the excise imposed by G. L. c. 63, § 39, on foreign corporations has been "declared unconstitutional by a final judgment, order or decree of the United States Supreme Court," as those words are used in said § 52, as a consequence of *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203. It was said in that decision at pages 216, 217, "the inquiry comes to this: May a State impose upon a foreign corporation which transacts only interstate business within her borders an excise tax measured by a combination of two factors — the proportion of the total value of capital shares attributed to transactions therein, and the proportion of net income attributed to such transactions?" Apparently that was the only question considered or undertaken to be decided in that case. The inquiry thus posited was confined to foreign corporations transacting interstate business alone within the State. The decision was adverse to the excise. We do not understand that the result of that decision was to declare G. L. c. 63,

§ 39, void because unconstitutional as to all foreign corporations, both those transacting interstate commerce alone and those transacting intrastate commerce either alone or in combination with interstate commerce.   It is stated in the brief for the petitioner that "as to other foreign corporations doing business in Massachusetts," except those engaged exclusively in interstate commerce, "the validity of the excise is not affected by anything yet decided by the Supreme Court of the United States."

This court decided in *Judson Freight Forwarding Co.* v. *Commonwealth*, 242 Mass. 47, that the excise, there levied under St. 1919, c. 355, § 15, now G. L. c. 63, § 39, on foreign corporations engaged in this Commonwealth in the transaction of both interstate and intrastate commerce, violated no provision of the Constitution of the United States.   That decision stands.   It was not dealt with in the decision in 268 U. S. 203.

The decisions of this court in the Alpha Portland Cement Company cases in 244 Mass. 530, and 248 Mass. 156, were wrong in holding that the excise could be levied upon corporations doing exclusively an interstate business within the Commonwealth.   Those decisions attempted to extend the excise statute into a field to which it was not applicable. The ground for those decisions was the view, then entertained but now held to be erroneous in 268 U. S. 203, that the statute so interpreted would not offend any provision of the Federal Constitution.   It was said that the words of the statute as matter of verbal construction were broad enough to include such corporations.   But the principle was recognized that the intention ought not to be imputed to the Legislature to enact an unconstitutional statute, provided the statute could be construed as applicable to matters within its constitutional power if that seemed in harmony with the general purpose of the Legislature.   And it further was recognized that the question, whether that extension of the statute, as there construed, was constitutional, was a matter finally to be settled by the Supreme Court of the United States. 244 Mass. at page 547.   This court is not now hampered by the decisions in 244 Mass. 530, and 248 Mass. 156, in

reaching the conclusion that ought to be reached as to the true interpretation of G. L. c. 63, § 39, with respect to its constitutionality in the light of the decision of the Supreme Court of the United States in 268 U. S. 203. *County of Berkshire* v. *Cande*, 222 Mass. 87. The question whether G. L. c. 63, § 39, is wholly unconstitutional, because not constitutionally applicable to foreign corporations engaged here exclusively in interstate commerce, is now presented for decision for the first time. That is, as was said in *Dorchy* v. *Kansas*, 264 U. S. 286, 290, "a question of interpretation and legislative intent . . . . The task of determining the intention of the State Legislature in this respect, like the usual function of interpreting a State statute, rests primarily upon the State court. Its decision as to the severability of a provision is conclusive upon this court. *Gatewood* v. *North Carolina*, 203 U. S. 531, 543; *Guinn* v. *United States*, 238 U. S. 347, 366; *Schneider Granite Co.* v. *Gast Realty Co.*, 245 U. S. 288, 290." The decision of *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 240, 241, compels the conclusion that the whole section (G. L. c. 63, § 39,) does not fall because it is not applicable to foreign corporations engaged exclusively in interstate commerce. It is to be presumed that the Legislature intended the section to be applicable only to foreign corporations engaged in this Commonwealth in intrastate commerce and thus subject, within constitutional bounds, to the taxing jurisdiction of the Commonwealth. *Baltic Mining Co.* v. *Commonwealth*, 207 Mass. 381, 390. *Lever Brothers Co.* v. *Commonwealth*, 232 Mass. 22, 26. *Marconi Wireless Telegraph Co. of America* v. *Commonwealth*, 218 Mass. 558, 563–565. As thus construed it is valid under the authority of *Judson Freight Forwarding Co.* v. *Commonwealth*, 242 Mass. 47. It was said in *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282, 289, "A statute may be invalid as applied to one state of facts and yet valid as applied to another. *Poindexter* v. *Greenhow*, 114 U. S. 270, 295; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wynne*, 224 U. S. 354; *Kansas City Southern Ry. Co.* v. *Anderson*, 233 U. S. 325." Our decisions

are to the same effect. *Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28, and cases cited on page 36.

The conclusion follows that the excise imposed by G. L. c. 63, § 39, has not been declared unconstitutional by any judgment of the United States Supreme Court within the meaning of G. L. c. 63, § 52. The excise imposed by § 39 is valid as to all foreign corporations within the natural scope of its words excepting only foreign corporations engaged exclusively in interstate commerce. Doubtless § 52 is remedial and should be given an interpretation to effectuate its intent. But it is not to be stretched to cover facts not within its fair meaning. A remedy was afforded the petitioner by applying to the court under G. L. c. 63, § 77, within six months after the payment of the excise, to test its validity. That remedy is declared by that section to be exclusive upon the facts here disclosed. It is adequate. It is the sole remedy open to the petitioner. *Burrill* v. *Locomobile Co.* 258 U. S. 34. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7. *Lever Brothers Co.* v. *Commonwealth*, 232 Mass. 22. Since the present petition was brought after the time fixed by the statute had expired, the court cannot entertain it. *L'Huilier* v. *Fitchburg*, 246 Mass. 349, 352.

*Petition dismissed.*