THE CELLULOID COMPANY *vs.* COMMONWEALTH.

Suffolk.     March 29, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Tax*, Excise; Abatement: limitation of time for petition.

Although an excise tax exacted in 1924 from a foreign corporation doing no business in this Commonwealth excepting such as is strictly and exclusively interstate commerce was illegal, a petition for its abatement cannot be maintained under G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14, if it is not brought until nearly a year after the tax was paid under protest, the decree of the Supreme Court of the United States in *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203, rendered more than six months after the payment of the tax, not being a judgment declaring G. L. c. 63, § 39, unconstitutional. Following *W. & J. Sloane* v. *Commonwealth*, 253 Mass. 529.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on October 14, 1925, for the abatement of an excise tax alleged illegally to have been exacted from the petitioner.

The respondent moved that the petition be dismissed. By order of *Crosby*, J., a final decree was entered dismissing the petition, and the petitioner appealed.

The case was submitted on briefs.

· *C. O. Pengra & L. S. Nicholson,* for the petitioner.

*J. R. Benton,* Attorney General, *& A. Lincoln,* Assistant Attorney General, for the Commonwealth.

BRALEY, J.   This is a petition for the abatement and repayment of an excise tax alleged to have been illegally levied on the petitioner.   It reads as follows:

"1. The petitioner is a New Jersey corporation.

"2. The respondent, through the commissioner of corporations and taxation (hereinafter called the commissioner), purporting to act in accordance with G. L. c. 63, and acts in amendment thereof and in addition thereto, demanded of the petitioner that it file with said commissioner a foreign business corporation excise tax return pursuant to said c. 63.   In compliance with said demand, the petitioner filed such a return on August 22, 1924, under protest and duress of penalties.

"3. Thereafter the respondent, through said commissioner, purporting to act in accordance with G. L. c. 63, § 39, and acts in amendment thereof and in addition thereto, assessed on the petitioner on the basis of the above mentioned return with respect to the carrying on or doing of business by it within the commonwealth an excise tax of $422.51 plus a 10% additional tax under St. 1923, c. 487, of $42.25, making a total of $464.76 for the year 1924.   The respondent, through said commissioner, demanded of the petitioner, payment of such excise tax under threat of penalty.   On October 18, 1924, petitioner paid said tax under protest and duress of penalties.   A copy of the protest accompanying said payment is annexed hereto and marked Exhibit A."

"5. The petitioner is engaged in the manufacture of compounds of Pyroxylus and articles made therefrom, sold under the name 'celluloid.'   Its principal place of business is in Newark, New Jersey.   It is not domesticated in Massachusetts nor licensed to do business here.   Such business as is done in this Commonwealth is strictly and exclusively an interstate business.   The petitioner alleges that the above mentioned excise tax assessed by the respondent through said commissioner is in violation of the Constitution of the

United States and that said tax, and so much of G. L. c. 63 and acts in amendment thereof and in addition thereto as impose such a tax are illegal, unconstitutional, void and of no effect, as was held by the Supreme Court of the United States in the case of Alpha Portland Cement Company *v.* Commonwealth of Massachusetts . . . [268 U. S. 203], decided May 4, 1925. Your petitioner brings this petition within the time granted by G. L. c. 63, §§ 52 and 77, and laws in amendment thereof and in addition thereto and other laws to recover the amount of money unlawfully exacted from it and paid by it under protest.

"6. Upon the general legal grounds and the specific grounds in fact hereinabove set forth, the petitioner claims that the excise tax should not have been exacted and was without authority of law."

The statutes cited on the brief for the Commonwealth are G. L. c. 63, § 39, as amended by St. 1923, c. 424, § 3, and St. 1924, c. 26, § 3. G. L. c. 63, § 52 and § 77, as amended by St. 1922, c. 520, § 14. But no general review of their provisions is required.

The petitioner, being a foreign corporation engaged exclusively in interstate commerce within this Commonwealth, was not subject to the excise tax established by G. L. c. 63, § 39. *W. & J. Sloane* v. *Commonwealth*, 253 Mass. 529. *Alpha Portland Cement Co.* v. *Massachusetts*, 268 U. S. 203.

It also was held in *W. & J. Sloane* v. *Commonwealth, supra,* that G. L. c. 63, § 39, had not been declared unconstitutional by the Supreme Court of the United States in *Alpha Portland Cement Co.* v. *Massachusetts, supra,* within the meaning of G. L. c. 63, § 52. See also *Wellington, petitioner,* 16 Pick. 87, 95, 96. It follows that the provisions of G. L. c. 63, § 52, for the reassessment of an excise imposed on a foreign corporation which is declared to be unconstitutional by a final judgment or order or decree of the United States Supreme Court or the Supreme Judicial Court of the Commonwealth and the time within which an abatement may be applied for are inapplicable. *W. & J. Sloane* v. *Commonwealth, supra.* The case is governed by G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14, which reads as follows:

"Any corporation, company or association aggrieved by the exaction of any tax or excise or of any part thereof may, within six months after the payment of the same, whether such payment be after or before the issue of the warrant mentioned in section seventy-two, apply by petition to the Supreme Judicial Court, setting forth the amount of the tax or excise and costs thereon so paid, the general legal grounds and the specific grounds in fact, if any, upon which it is claimed such tax or excise should not have been exacted. Said petition shall be the exclusive remedy and shall be entered and heard in Suffolk county. A copy of the same shall be served upon the commissioner and upon the Attorney General. The proceedings upon such petition shall conform, as nearly as may be, to proceedings in equity, and an abatement shall be made of only such portion of the tax or excise as was assessed without authority of law."

The tax was paid October 18, 1924, and, the petition not having been filed until October 14, 1925, the limitation bars recovery. *W. & J. Sloane* v. *Commonwealth, supra,* and cases therein cited. The decree entered by the single justice dismissing the petition is

*Affirmed.*