NATIONAL LEATHER COMPANY vs. COMMONWEALTH.

SAME vs. SAME.

Suffolk.    November 18, 1925. — June 28, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax*, Excise on foreign corporation, Petition for abatement.

In computing under G. L. c. 63, § 30, cl. 4, the corporate excess employed by a foreign corporation within the Commonwealth for the purpose of assessing an excise tax upon the corporation under § 39 of that statute, where it appeared that the entire business of the corporation was in this Commonwealth; that it owned all the capital stock of two other corporations, except shares necessary to qualify essential officers, and kept the certificates of stock here; that most but not all of the business of one of the subsidiary corporations and all of the business of the other was performed for the first corporation; and that all of the business of one subsidiary corporation and a large part of the business of the other was carried on here, it was proper to include in the assets of the main corporation the whole of the capital stock of the two subsidiary corporations.

The question, whether, in assessing the excise in the circumstances above described, that part of the value of the stock of one of the subsidiary corporations which was attributable to the part of its business and property in other States ought to have been deducted, was not presented upon a petition under G. L. c. 63, § 77, for an abatement of a portion of the tax assessed upon the principal corporation.

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on October 3 and November 7, 1924, for the abatement and repayment of excise taxes assessed upon the petitioner for the years 1923 and 1922 respectively.

The facts were agreed upon. Material facts are stated in the opinion. By order of *Braley*, J., the cases were consolidated for the purpose of being heard together and were reserved for determination by the full court.

Material portions of § 30, cl. 4, (a) (b), of § 31, and of § 44 of G. L. c. 63, were as follows:

"Section 30. When used in this section and sections thirty-one to fifty-two, inclusive, the following terms shall have the following meanings: . . .

"4. 'Corporate excess employed within the Commonwealth' by a foreign corporation, such proportion of the fair cash value of all the shares constituting the capital stock on the first day of April when the return called for by section thirty-five is due as the value of the assets, both real and personal, employed in any business within the Commonwealth on that date, bears to the value of the total assets of the corporation on said date, less the value of the following:

"(*a*) Works, structures, real estate, machinery, poles, underground conduits, wires and pipes owned by it within the Commonwealth subject to local taxation, except such part of said real estate as represents the interest of a mortgagee;

"(*b*) Securities held in the Commonwealth, the income of which, if any, if received by a natural person resident therein, would not be liable to taxation, except shares in national banks, voluntary associations, trusts and partnerships. In determining the proportion of assets employed within the Commonwealth, the commissioner may include such bank deposits in other States as are employed principally in the conduct of the business in the Commonwealth. . . .

"Section 31. In determining the corporate excess of a domestic business corporation, or the corporate excess employed within the Commonwealth by a foreign corporation, there shall not be deducted the value of shares in national banks and in voluntary associations, trusts and partnerships, nor of other securities the income of which, if owned by a natural person resident in this Commonwealth, would be liable to taxation, nor shall there be deducted the value of any shares of stock of the corporation itself owned directly or indirectly by it or for its benefit; and the commissioner, in determining for the purposes of taxation the value of the corporate excess of, or corporate excess employed within the Commonwealth by, any such corporation, shall not take into consideration any debts of the corporation unless he is satisfied that no part of such debts was incurred for the purpose of reducing the amount of taxes to be paid by it, and, in the

case of a domestic business corporation which is a subsidiary of a foreign corporation or closely affiliated therewith by stock ownership, that such debts represent only the fair value of the property given therefor. . . ."

"Section 44. The commissioner shall determine, from the returns required by this chapter and from any other available information, the net income derived from business carried on within the Commonwealth and the corporate excess of every domestic business corporation, and the net income derived from business carried on within the Commonwealth of, and the corporate excess employed within the Commonwealth by, every foreign corporation, and shall assess thereon the tax provided for in this chapter. . . ."

*P. Nichols,* (*P. B. Smith* with him,) for the petitioner.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

RUGG, C.J. These are petitions brought under G. L. c. 63, § 77, for the recovery of portions of excise taxes levied for the years 1922 and 1923 under G. L. c. 63, § 39, upon a foreign corporation organized under the laws of Maine for the privilege of doing local business within this Commonwealth. During the years in question, the business of the petitioner was purchasing hides and skins, having them tanned by others, and selling the resulting leather through the tanners. Its business was conducted wholly in Massachusetts, its business offices were located here and it carried on no active business outside this Commonwealth. Among other properties the petitioner owned substantially the entire capital stock of the A. C. Lawrence Leather Company and the National Calfskin Company, corporations also organized under the laws of Maine. The petitioner's upper leather was tanned chiefly by these two corporations, and its sole leather by other corporations in most of which it had no interest by stock ownership or otherwise. In 1919 the entire capital stock of both these corporations, except a few qualifying shares, was bought by the petitioner and has been since owned and held by it. The certificates representing that stock continuously have been actually held in Massachusetts. The business of the Lawrence Company has been

tanning hides principally for upper leather for shoes and selling on a commission basis the resulting leather, which remained the property of the consignor until sold. Its tanneries were at Peabody in this Commonwealth and it has been engaged here in business without interruption. Most, but not all, of its tanning since 1919 has been done for the petitioner. It was qualified to do business and had selling branches in four or five other States. The business of the Calfskin Company since 1920 has been tanning hides belonging to the petitioner. It has been qualified to do business in Massachusetts and in no other State aside from the State of its incorporation. It had no selling branches and no property outside of Massachusetts. Its tannery has been at Peabody and it has constantly engaged here in business.

In determining the portion of the excise of the petitioner based upon the value of the corporate excess employed by it within the Commonwealth, the commissioner of corporations and taxation included the whole of the capital stock of the Lawrence Company and of the Calfskin Company owned by the petitioner as assets employed by it in business within the Commonwealth, but did not include any of the stocks owned by it in other corporations not engaged in business within the Commonwealth. These petitions are directed solely to the recovery of that portion of the excises assessed by reason of the inclusion of the capital stock of these subsidiary companies as assets employed by the petitioner in business within the Commonwealth. No other attack is made on the excises. The question of law for decision, as stated by the petitioner, "is whether any part of the value of such stocks should have been so included, and if so, what part." The question thus stated is essentially one as to the interpretation of the governing statutes. The commissioner of corporations and taxation in determining under G. L. c. 63, § 44, the "corporate excess employed within the Commonwealth, by every foreign corporation" doing domestic business here is required to give those words the definition and to follow the legislative mandate in G. L. c. 63, § 30, cl. 4, namely, "such proportion of the fair cash value

of all the shares constituting the capital stock . . . [on a specified date] as the value of the assets, both real and personal, employed in any business within the Commonwealth on that date, bears to the value of the total assets of the corporation on said date, less the value of" certain tangible properties not here relevant, and "Securities held in the Commonwealth, the income of which, if any, if received by a natural person resident therein, would not be liable to taxation," with exceptions not now pertinent.  By § 31 of said c. 63, it is provided that in determining "the corporate excess employed within the Commonwealth by a foreign corporation, there shall not be deducted the value of shares in national banks and in voluntary associations, trusts and partnerships, nor of other securities the income of which, if owned by a natural person resident in this Commonwealth, would be liable to taxation, nor shall there be deducted the value of any shares of stock of the corporation itself owned directly or indirectly by it or for its benefit . . . ."  Confessedly income from the shares of stock here in question, if owned by a natural person resident in this Commonwealth, would be liable to taxation.  G. L. c. 62, § 1 (b).

The petitioner held the stock in its two subsidiary corporations for the lawful prosecution of its business.  All the facts recited lead to the conclusion that there was no error of law in including the shares of stock for computation of the excise of the petitioner.  The entire business of the petitioner was conducted in this Commonwealth, the certificates of stock of the subsidiary corporations actually were kept here, all the business of one and a large part of the business of the other was carried on here, and the petitioner made use of the activities of these subsidiary corporations as essential parts of its business.  Without discussing whether any one or more of these factors standing alone would justify the method employed in ascertaining the excise, their collective force is sufficient to that end.

The interpretation of the words of the statute requires this result.  The definition of "corporate excess" in G. L. c. 63, § 30, cl. 3, by the express provision that there shall be deducted the value of securities, the income of which would not

be liable to taxation in the hands of a natural person, carries the implication that the value of other securities held by the corporation and not otherwise exempt shall not be deducted. The following section states the proposition conversely and directs that in ascertaining the corporate excess the value of securities, the income of which if owned by a natural person would be liable to taxation, shall not be deducted. The language of the statute in these two sections is explicit and its meaning is not clouded or obscure. It cannot render subject to direct taxation property not within the jurisdiction; but where other essential elements are present the excise is justified.

Doubtless tax laws are to be interpreted, where reasonably practicable, so as not to result in double taxation. *Salem Iron Factory Co.* v. *Danvers,* 10 Mass. 514. *Tennessee* v. *Whitworth,* 117 U. S. 129, 136. But the case at bar does not violate that principle. Whatever semblance to double taxation it may have is within the power of the Legislature. *Fort Smith Lumber Co.* v. *Arkansas,* 251 U. S. 532. *Cream of Wheat Co.* v. *Grand Forks,* 253 U. S. 325. Apart from the domicil of the several corporations and looking for the moment only at tangible property and its physical location, there is jurisdiction to sustain taxation in this Commonwealth. All the business of the petitioner and of one of its subsidiaries and a principal part of the business of the other subsidiary is conducted in Massachusetts. Direct taxation, however, is not here involved, because a part only of an excise or privilege tax is attacked.

General principles are well established to the effect that the situs of intangible personal property is at the domicil of the owner, that the domicil of a corporation is in the State where it is incorporated, and that property permanently located outside a State cannot be taxed. *Bergner & Engel Brewing Co.* v. *Dreyfus,* 172 Mass. 154. *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51, 57. *Welch* v. *Treasurer & Receiver General,* 223 Mass. 87. *Hawley* v. *Malden,* 232 U. S. 1. *International Paper Co.* v. *Massachusetts,* 246 U. S. 135. Those principles are accepted, but they do not govern the case at bar. Other principles which

are controlling are equally well settled.   Property may have a business situs separate from its theoretical situs.   Even stock and intangible personal property may be treated as having a situs where actually kept, used and employed in business.   Taxation on this theory has been upheld many times.   *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395.   *Liverpool & London & Globe Ins. Co.* v. *Orleans Board of Assessors*, 221 U. S. 346, 354.   *Bass, Ratcliff & Gretton, Ltd.* v. *State Tax Commission*, 266 U. S. 271.   *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, 58, 59, and cases there collected.   It may be assumed that shares of stock in a foreign corporation cannot be taxed to a nonresident shareholder.   *Kennedy* v. *Hodges*, 215 Mass. 112.   In the case at bar there is no direct tax on property, but an excise on a foreign corporation, levied solely on the privilege of doing domestic business within this Commonwealth, measured in part on the value of stock employed in business in this Commonwealth.   An excise or license tax may be measured in part by property which could not be taxed directly.   *Flint* v. *Stone Tracy Co.* 220 U. S. 107, 165. *Kansas City, Fort Scott & Memphis Railway* v. *Kansas*, 240 U. S. 227, 232.   *Greiner* v. *Lewellyn*, 258 U. S. 384, 387.

The question, whether the value of the stock of the Lawrence Company attributable to that part of its business and property in other States ought to have been deducted, is not presented on this record.   That relates to overvaluation, as to which a different remedy is provided.   *American Hide & Leather Co.* v. *Commonwealth*, 252 Mass. 345, 346, and cases there collected.   G. L. c. 63, § 71.

*Complaint dismissed.*